**Randy WARRINER, Cheryl Warriner, Appellants (Defendants Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2–1178A378.

Court of Appeals of Indiana, Second District.

Dec. 15, 1980.

Forrest Bowman, Jr., Bowman, Cobb & Cutter, Indianapolis, for appellants.

Theo. L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Appellants Randy and Cheryl Warriner appeal from a denial of their motion to correct errors.

We dismiss.

On November 23, 1977 Randy was convicted in the Marion County Municipal Court of the offense of interfering with a police officer and was fined $75.00. On the same day Cheryl was convicted of the offense of disorderly conduct and was fined $100.00. The Warriners thereafter timely perfected appeals to the Marion County Criminal Court pursuant to IC 33–6–1–9 (Burns Code Ed.) (repealed). The judgments of the municipal court were affirmed by the Marion County Criminal Court, Division 3, on May 22, 1978. The Warriners filed motions to correct errors in the criminal court on August 14, 1978, asserting as error the affirmance of the municipal court judgments.

In response to a previously overruled motion to dismiss, the Warriners argue they had sixty (60) days from the date they paid the municipal court fines and costs in which to timely file their motions to correct errors directed to the action of the criminal court under Ind. Rules of Procedure, Criminal Rule 16. We disagree.

 The judgment of the trial court, in the form of fines and assessment of costs, was entered against each Warriner on November 23, 1977. It is that date that has significance under C.R. 16, not the date the trial court judgment is fulfilled or executed. In fact, due to the time allowances of IC 33–6–1–9, the provision of C.R. 16 requiring a motion to correct errors within sixty days of the date of sentencing has no application to this court's review of the action of the criminal court. Rather, we hold the time limitations for our review are determined by Ind. Rules of Procedure, Trial Rule 59(C) by the express direction of that portion of C.R. 16 which reads:

"Trial Rule 59 (Motion to Correct Errors) will apply to criminal proceedings insofar as applicable and when not in conflict with any specific rule adopted by this court for the conduct of criminal procedure."

The criminal court's order affirming the municipal court's judgment constituted the appealable judgment. In order to appeal this judgment, the Warriners were required to file their motions to correct errors no later than sixty days from the entry of judgments. The Warriners, however, filed the motions eighty–five days after entry of judgments. Therefore, they have failed to perfect a timely appeal. Trial Rule 59(C).[1]

Appeal dismissed.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

1. Under IC 33–6–1–8 (Burns Code Ed., Supp. 1980) Municipal Court judgments are directly appealable to the Indiana Court of Appeals. Therefore, we do not consider the applicability of Ind. Rules of Procedure, Trial Rule 59, amended January 1, 1980, and its rationale dispensing with multiple motions to correct error to the instant fact situation.